UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION



\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 06-40003-01 |
| Plaintiff, | \* | |
| vs. | \* | REPORT and RECOMMENDATION |
| LIZBETH BELTRAN | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending are Defendant Beltran's Motion to Sever (Doc. 38) and Motion to Change Venue (Doc. 41). A hearing was held on Monday, April 3, 2006. Defendant Beltran waived her appearance at the motions hearing, and requested that her hearing be continued until her co-defendant's motions hearing was concluded. Defendant Beltran was represented at the hearing by her counsel of record, Mr. Steve Nesson. The Government was represented by Assistant United States Attorney Kathryn Ford. No testimony was heard during the hearing. The only evidence received was Exhibit 1, a copy of FBI form 302, which was received into evidence under seal. Both parties have submitted briefs and oral argument was heard at the conclusion of the hearing. Based on a careful consideration of counsel's written and oral arguments, the Court respectfully makes the following:

## RECOMMENDATION

It is respectfully recommended that Defendant's Motions to Sever and to Transfer both be **DENIED**.

## JURISDICTION

Defendant is charged in an Indictment with bank fraud in violation of 18 U.S.C. § 1334. The pending Motions to Sever and to Transfer were referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Piersol's Standing Order dated February 1, 2002.

## FACTUAL BACKGROUND

Defendant Beltran and her co-defendant, Maria Nunez, are charged in the indictment with bank fraud in violation of 18 U.S.C. § 1344. Each are charged in separate counts of the indictment

bank fraud in violation of 18 U.S.C. § 1344. Each is charged in separate counts of the indictment with executing a scheme to defraud BankFirst (which is Federally insured, and in South Dakota) to obtain money by fraudulent pretenses.

The indictment charges, in part, the following:

BankFirst created a "Freedom Cash Debit Mastercard" in cooperation with Platinum Financial Group. BankFirst was the sponsoring bank of the program. Debit card customers paid for the Freedom Cash cards at merchant locations with cash. The merchant "loaded" the money onto the customer cards, and each card had a $2,500 loading capacity. As the customer used the card, he or she could return to the retail location to add more money to the card. The merchant who sold the card or added value to the card was required to transfer the cash collected to a company called Cash Lynk (Lynk). The funds were then transferred to BankFirst and the money was ultimately collected by MasterCard as the funds were spent by the customer.

If the card was "loaded" by a merchant but insufficient funds were produced to support the load, Lynk reversed the credit and the customer could no longer use the card. A malfunction in the Lynk system allowed the cards to be loaded without sufficient funds to back the transactions, with no corresponding reversal of the credit to the card. This allowed merchants to make unlimited loads to the Freedom Debit cards without collecting funds to back the loads.

Defendant Beltran was the manager and primary contact for Communication Travel Services (CTS), which was one of the merchants that sold the Freedom Cash Debit Mastercard. Defendant Beltran loaded a Freedom Cash Debit card for herself without sufficient funds to back the load between November 2004 and January 2005. Specifically Defendant Beltran loaded a Freedom Cash Debit Card with $54,052.06, but properly forwarded only $3,410.00 to Lynk back the load. Defendant Beltran, knowing the credit loads were fictitious, withdrew money from the account by using the debit card in ATMs and for direct purchases at merchants.

The Form 302 which was introduced into evidence under seal will not be discussed in great detail. It is sufficient for purposes of this discussion to note that the substance of the 302 consists of an interview with Defendant Beltran's co-defendant, Maria Nunez, in which Ms. Nunez provided a statement to FBI agents denying responsibility for fraudulently obtaining funds from the Freedom Cash Debit Card issued to her, and implicating either her co-Defendant Lizbeth Beltran, or Ms.

Beltran's parents in the allegedly inappropriate use of the card.

It is also evident from the Form 302 that some investigation was done, and Defendant Beltran's alleged use of the Freedom Cash Debit card occurred in, Hialeah, Florida. She moves for severance from Defendant Nunez, and to transfer venue to the Southern District of Florida for the convenience of the parties and witnesses, and in the interests of justice.

## DISCUSSION

### Burden of Proof

The government bears the burden of proving correctness of venue by a preponderance of the evidence. United States v. Chandler, 66 F.3d 1460, 1470 (8th Cir. 1995). "The burden of proof on venue always remains with the government." United States v. Miller, 111 F.3d 747, 751 (10th Cir. 1997). The burden to show a *transfer* is justified for the convenience of the parties or some other reason pursuant to Rule 21, however, is upon the moving party. In Re: United States, 273 F.3d 380, 389 (3rd Cir. 2001). United States v. Long, 697 F. Supp.651, 656 (S.D.N.Y. 1988); United States v. Aronoff, 463 F. Supp. 454, 461 (S.D.N.Y. 1978). See also 2 WRIGHT, FEDERAL PRACTICE AND PROCEDURE:CRIMINAL § 344 (3rd Ed. 2000) ("it is proper to require the defendant, as the moving party, to carry the burden of showing why transfer would serve the purposes specified in the rule.").

### Motion to Transfer Pursuant to Fed. R. Crim. P. 21(b) (Doc. 41)

Defendant Beltran moves to transfer the prosecution of her case to the Southern District of Florida pursuant to Fed. R. Crim. P. 21(b) in order to facilitate her investigation of potential claims and defenses in Florida. Defendant Beltran is indigent and has a court-appointed CJA. panel attorney. She asserts the manner in which CJA panel attorneys must seek reimbursement for experts and investigators makes it impractical and awkward for her South Dakota CJA panel attorney to investigate incidents (which may form the basis for a defense) which allegedly occurred in Southern Florida.

The decision whether the convenience of the parties and witnesses and the interest of justice requires the transfer of a criminal case is within the sound discretion of the trial court. United States v. Green, 983 F.2d 100, 103 (8th Cir. 1992). The United States Supreme Court has identified several factors to determine when considering a motion to transfer: (1) the location of the defendant; (2)

location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessability of the place of trial; (9) docket condition of each district or division involved; and (10 any other special elements which might affect the transfer. Platt v. Minnesota Mining & Manufacturing, 376 U.S. 240, 84 S Ct. 769, 11 L Ed. 2d 674 (1964).

Both defendants in this case reside in Florida. The Eighth Circuit has noted a defendant's residence is one factor that weighs in favor of transferring the case, but does not in itself entitle the defendant to a transfer. United States v. Bittner, 728 F.2d 1038, 1041 (8th Cir. 1984). The Government has indicated the BankFirst witnesses and documentation are located in South Dakota. Defendant Beltran indicated there might be witnesses in Florida who could provide information relevant to possible defenses. Defendant Nunez is in custody in South Dakota; Defendant Beltran has been released pending trial and is in Florida. The expense of investigation is a matter which has been considered. While investigation of the events which occurred in Florida by court appointed counsel in South Dakota does present a logistical difficulty, the same problem would present itself in reverse should the case be transferred to Florida. Also, indigent defendants may make ex parte application for investigative, expert or other services necessary at the Government's expense pursuant to 18 U.S.C. §3006A(e).

The Court has carefully considered all Platt factors and respectfully recommends to the District Court that Defendant's Motion to transfer venue pursuant to Fed. R. Crim. P. 21(b) be DENIED. See also United States v. MacGregor, 503 F.2d 1167, 1170 (8th Cir. 1974) (Mail fraud case in which defendant's motion to transfer venue denied because defrauded company was located in Minnesota, where case was prosecuted. The court reasoned that the chief government witness and most of the documents entered into evidence were located in Minnesota, and "these factors buttress the trial court's denial of the motion for transfer.").

**Motion to Sever (Doc. 38)**

Defendant Beltran moves to sever the prosecution of her case from Defendant Nunez pursuant to Fed. R. Crim. P. 14. Rule 14 provides:

**Relief from Prejudicial Joinder**
**(a) Relief.** If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of the counts, sever the defendants' trials, or provide any other relief that justice requires.
**(b) Defendant's Statements.** Before ruling on a defendant's motion to sever, the court may order an attorney for the government to deliver to the court for in camera inspection any defendant's statement that the government intends to use as evidence.

A motion to sever is left to the District Court's discretion and is reviewed only for an "abuse of discretion that resulted in clear prejudice." United States v. Bordeaux, 84 F.3d 1544, 1546 (8th Cir. 1996). Fed. R. Crim.. P. 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction or the same series of acts or transactions constituting an offense or offenses." "In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003).

Defendant Beltran cites the potential for Bruton problems should her case be tried together with her Defendant Nunez, because Defendant Nunez has given a statement to the FBI in which Defendant Nunez has implicated her (Beltran). In Bruton v. United States, 391 U.S. 123, 88 S.C. 1620, 20 L. Ed.2d 476 (1968), the United States Supreme Court held that the confrontation clause is violated if a non-testifying codefendants's confession, naming a defendant, is admitted into evidence with only a limiting instruction to the jury that it could only be considered as evidence against the non-testifying codefendant. Subsequent case law, however, has allowed admission of a non-testifying codefendant's confession which has been redacted to eliminate any reference to the defendant's existence (Richardson v. Marsh, 481 U.S. 200, 208-09, 107 S.C. 1702, 95 L. Ed.2d 176 (1987), and to a confession which has removed specific references to the defendant (United States v. Karam, 37 F.3d 1280 (8th Cir. 1994); United States v. Edwards, 159 F.3d 1117 (8th Cir. 1998). The above-cited case law demonstrates many ways the Courts have devised, in the years since Bruton, to avoid the problem which occurred in that case.

Defendant Beltran also cites concern that, should she opt not to testify at trial, and Defendant Nunez does choose to testify, Defendant Nunez's counsel would be allowed to comment on her (Beltran's) silence. This, Beltran asserts, would allow Nunez's counsel to act as a "second prosecutor" and circumvent the spirit and intent of the United States Constitution's Fifth Amendment guarantee against self-incrimination. The Eighth Circuit, however, has expressly condemned such practice. See United States v. Al-Muqsit, 191 F.3d 928, 937 (8th Cir. 1999) vacated in part on other grounds, 210 F.3d 820 (8th Cir. 2000). "The Fifth Amendment protects [a defendant's] choice to remain silent and not testify in his own defense. And a comment by a codefendant's counsel regarding a defendant's failure to testify violates the defendant's right to a fair trial, if not the defendant's Fifth Amendment right." United States v. Al-Muqsit, 191 F.3d 928, 937 (8th Cir. 1999).

Finally, Defendant Beltran asserts her case should be severed from Defendant Nunez because Defendant Nunez apparently intends to shift the blame for the allegedly fraudulent use of her (Nunez's) Freedom Cash Debit Card to Defendant Beltran. The United State Supreme Court has addressed this argument in Zafiro v. United States, 113 S.Ct. 933, 506 U.S. 534, 122 L. Ed.2d 317 (1993). The Court recognized many of the Courts of Appeals have expressed the view that "mutually antagonistic" or "irreconcilable" defenses may be so prejudicial in some instances so as to mandate severance. Id., 506 U.S. at 538, 113 S.Ct. at 937. See e.g. United States v. Shivers 66 F.3d 938, 940 (8th Cir. 1995) (recognizing the existence of antagonistic defenses does not require severance unless defenses are actually irreconcilable).¹ The Court recognized, however, that in most instances, the degree of prejudice to require separate trials cannot be shown. Id. The Court declined to adopt a bright-line rule requiring severance when co-defendants present antagonistic defenses, or even if prejudice is shown. Rather, the District Court is allowed wide discretion to tailor relief to

---

¹The codefendants in Shivers were accused of distributing cocaine. They each pointed the finger at the other. One claimed he did not know the package handed to him by the other was cocaine. The other claimed he did not know there was cocaine in the car, nor did he give his codefendant any cocaine. The Shivers court held that a joint trial was appropriate, because "one defendant's attempt to save himself at the expense of another codefendant is not a sufficient ground to require severance." Shivers, 66 F.3d at 940.

the specific situation presented by each case. Id. 506 U.S. at 538, 113 S.Ct. at 538-59. The Court cautioned that co-defendants properly joined under Rule 8(b) should be severed only if a joint trial would (1) compromise a specific trial right of one of the defendants; (2) prevent the jury from making a reliable judgment about the guilt or innocence of one of the defendants. Id. The examples given by the Supreme Court were a complex, multi-defendant case in which evidence which would not be admissible in a separate trial is admitted in a joint trial, against a co-defendant, or when many defendants who had markedly different degrees of culpability were tried together in a complex case. Id. The Supreme Court rejected, however, the defendant's notion that "the very nature of their defenses, without more, prejudiced them." Id., 505 U.S. at 539-40, 113 S.C. at 938. The Court held that usually, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice."

In Zafiro the Court summarized the codefendants' theories as "both claiming they were innocent and accusing the other of the crime." They asserted entitlement to a severance because of the prejudice caused by their mutually antagonistic defenses. The Supreme Court noted the Government had offered evidence that each defendant was guilty. "Even if there were some risk of prejudice, here it is of the type that can be cured with proper instructions and juries are presumed to follow their instructions." Id., 506 U.S. at 540, 113 S.C. at 939. In this case, as in Zafiro, even if the defendants each claim the other is solely responsible for the alleged misuse of the Freedom Cash Debit Cards, the District Court may avoid prejudice by, for example, instructing the jury: (1) that the Government has the burden of proving beyond a reasonable doubt that each defendant committed the crimes charged against her; (2) the jury must give separate consideration to each individual defendant and to each separate charge against her; (3) and that each defendant is entitled to have her case determined from her own conduct and from the evidence that may be applicable to her. Zafiro, 506 U.S. at 541, 113 S.C. at 939.

## CONCLUSION

The convenience of the parties and witnesses and the interest of justice do not require that the prosecution of this criminal case be transferred to the Southern District of Florida pursuant to Fed. R. Crim. P. 21(b). It is respectfully recommended that Defendant Beltran's Motion to Change

Venue (Doc. 41) be DENIED.

Rule 8(b) provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or same series of acts or transactions. The trials may be severed, however, pursuant to Fed. R. Crim. P. 14 if joinder will will be prejudicial. Defendant has not made a showing of the potential for prejudice sufficient to warrant severance in this case. It is respectfully recommended to the District Court, therefore, that her Motion to Sever (Doc. 38) be DENIED.

## NOTICE TO PARTIES

The parties have ten (10) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

Dated this 17th day of April, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By_____, Deputy

-8-