UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION




| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 06-40003 |
| Plaintiff, | * | MEMORANDUM OPINION AND ORDER |
| vs. | * | RE: REPORT AND RECOMMENDATIONS |
| | * | AND DEFENSE MOTIONS |
| LIZBETH BELTRAN, and | * | |
| MARIA NUNEZ, a/k/a MARIA PINO | * | |
| Defendants. | * | |

Defendant Lizbeth Beltran and Maria Nunez, a/k/a Maria Pino were indicted for bank fraud, 18 U.S.C. § 1344. The Indictment alleges that Bank First, which is located in South Dakota, was the sponsoring bank for the "Freedom Cash Debit MasterCard" program. Under this program debit card customers paid with cash for their debit cards at merchant locations. The merchant would then load the money on to the customer cards using a card-swipe machine. Although each card had a $2,500 maximum loading capacity, the customer could return to the retail location to add more money to the card.

The merchants who sold and added value to the debit cards were required to transfer the cash collect to Cash Lynk, a processing company in Atlanta, Georgia. Cash Lynk then transferred the cash to Bank First, where the money was ultimately collected by MasterCard as the funds were used by the customers. Cash Lynk's system was supposed to operate so that if a merchant loaded a card but insufficient funds were produced to support the load, Cash Lynk would reverse the credit and the customer could no longer use the card. A malfunction occurred in the system, however, and for a period of time, a merchant could make unlimited loads to debit cards without collecting funds to back the loads.

The Indictment alleges that Defendant Lizbeth Beltran was the manager and primary contact for Communication and Travel Services, Inc, a company located in Hialeah, Florida, which began selling the Freedom Cash Debit MasterCards in March of 2004. Communication and Travel Services, Inc., is owned by Defendant Lizbeth Beltran's father. The Indictment further alleges that

Defendant Maria Nunez, a/k/a Maria Pino, was an employee of Call Center in Hialeah, Florida. Call Center, which is owned by the wife of the owner of Communication and Travel Services, Inc., began selling the Freedom Cash Debit MasterCards in early 2004. Count 1 of the Indictment alleges that from November 2004 through January 2005, Defendant Lizbeth Beltran loaded and caused to be loaded two Freedom Cash Debit MasterCards for herself without sufficient funds to back the loads. The Indictment further alleges that Defendant Lizbeth Beltran, knowing the credit loads were fictitious, withdrew money by using her debit card for cash in ATM machines and for direct purchases from merchants. Count 2 of the Indictment alleges that from November 2004 through January 2005, Defendant Maria Nunez, a/k/a Maria Pino, loaded and caused to be loaded two Freedom Cash Debit MasterCards for herself without sufficient funds to back the loads. The Indictment further alleges that Defendant Maria Nunez, a/k/a Maria Pino, also fraudulently withdrew money by using her debit card for cash in ATM machines and for direct purchases from merchants.

Defendant Maria Nunez, a/k/a Maria Pino, filed a motion to dismiss the indictment for lack of venue or in the alternative, to transfer the proceeding to the Southern District of Florida. Doc. 42. Defendant Lizbeth Beltran filed a motion to sever defendants, stating "it is believed from statements provided by Defendant Nunez to government agents that Defendant Nunez will use a defense designed to attempt to shift the blame for any allegedly illegal activity from herself (Nunez) to Defendant Beltran." Doc. 38. Defendant Lizbeth Beltran also filed a motion to transfer proceeding to the Southern District of Florida. Doc. 41. Hearings on the motions were heard before Magistrate Judge John E. Simko on April 3, 2006.

At the April 3, 2006, hearing on Defendant Maria Nunez, a/k/a Maria Pino's motions before Magistrate Judge Simko, the Government called Special Agent Matt Miller from the F.B.I. to testify. Special Agent Miller testified that Bank First was responsible for filing the suspicious activity report in this case, and that he had managed the investigation of the case and received documents necessary for the investigation of the case from Bank First. An apparently unrelated third person who formerly lived in New York, but who has since left the country, had been involved in the same type of scheme as is set forth in the Indictment at hand. The total loss from the scheme was around $100,000. Cash Lynk and First Bank had reached a settlement agreement whereby First Bank was responsible for about $5,000 of the loss and Cash Lynk was responsible for the remaining approximate $95,000.

Other F.B.I. agents from the Miami, Florida, area have also worked on the case. Although each Defendant had made approximately 100 fraudulent ATM withdrawals and approximately 20 fraudulent purchases of merchandise with the Freedom Cash Debit MasterCards, most of these transactions took place in the Hialeah, Florida, area, and none of these transactions took place in South Dakota. Although Special Agent Miller believed from previous contacts with F.B.I. agents in Florida, that Florida would not prosecute a case involving the amount of loss involved in the case at hand, he conceded that there was no direct evidence that Florida officials would not prosecute this case. Also, although the Government expressed its assumption that the docket condition of this district is more amenable to handling this case than the docket condition of the Southern District of Florida, no actual evidence was presented to support this assumption.

Defendant Maria Nunez, a/k/a Maria Pino, is incarcerated in Sioux Falls, South Dakota, but prior to her incarceration, resided in Florida.[1] Defendant Lizbeth Beltran resides in Florida. Beltran lacks the financial resources to travel to South Dakota, and, in fact, was not present for the hearing on her motions to transfer and sever. At the April 3, 2006, hearing, Special Agent Miller testified that although it was unlikely that videotapes of ATM withdrawals were still available, he could not rule out the possibility of the existence of any such tapes. Also, he could not rule out the possibility that witnesses may be available in Florida that could identify or be unable to identify the defendants as the persons who used the Freedom Cash Debit MasterCards to obtain merchandise.[2] It is evident from the F.B.I. 302 report that was received into evidence at the April 3, 2006, hearing, and which is under seal, that one of the defendants is alleging that her Freedom Cash Debit MasterCard was utilized by persons residing in Florida. It is also evident to the Court after reviewing all pleadings on file and listening to the recording of the April 3, 2006, hearing that a defense for these defendants will require investigation in Florida and will likely require subpoenaing trial witnesses from Florida.

---

[1] Defendant Maria Nunez, a/k/a Maria Pino, entered the United States legally at the Miami International Airport with a valid Chilean passport on August 1, 2000. She is neither a United States' citizen nor is she in possession of a green card. Her only family in the United States reside in Miami, Florida.

[2] Special Agent Miller also testified during cross examination that the cause of the glitch in Cash Lynk's system could be utilized by the defense in this case.

3

In Judge Simko's Report and Recommendation in Defendant Lizbeth Beltran's case, Judge Simko recommended that Beltran's motions to sever and to transfer both be denied. Doc. 60. In Judge Simko's Report and Recommendation in Defendant Maria Nunez, a/k/a Maria Pino's case, Judge Simko recommended that Nunez, a/k/a Pino's motion to dismiss, or in the alternative, motion to transfer be denied. Doc. 61. In her objections to the Report and Recommendation, Defendant Nunez, a/k/a Pino states that she does not object to the recommendation that her alternative motion to dismiss for lack of venue be denied. Doc. 62. This Court accepts the recommendation that the motion to dismiss for lack of venue be denied, but concludes that both defendants' motions to transfer proceeding to the Southern District of Florida should be granted.

Federal Rule of Criminal Procedure 21(b) provides: "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." A district court's determination on whether to transfer venue is reviewed for an abuse of discretion. *United States v. Maynie*, 257 F.3d 908, 915 (8th Cir. 2001)[3]. As the Report and Recommendations correctly state, the factors which a district court should consider in determining whether to grant a motion to transfer proceeding are: (1) location of defendants; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendants' businesses unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer. *Platt v. Minnesota Mining & Mfg. Co.*, 376 U.S. 240, 244 (1964); *United States v. Lopez*, 343 F.Supp.2d 824, 835 (E.D. Mo. 2004).

In determining whether the interest of justice supports a transfer of venue, this Court must consider both the interests of the Government and those of the Defendants. *United States v. White*, 95 F.Supp. 544, 550 (D. Neb. 1951). The Court after considering all the facts of this case as well as all the relevant factors in determining whether the motions to transfer should be granted, has

---

[3] In a candid response to Judge Simko's question during the April 3, 2006, hearing, counsel for the Government conceded that to transfer this case to the Southern District of Florida would not constitute an abuse of discretion.

4

determined that the balance of the considerations weigh heavily in favor of transfer. The factors of location of defendants, location of possible witnesses, location of events likely to be in issue, and expense of the parties strongly support transfer. The denial of the motions to transfer proceedings may in practical effect intercept the making of an appropriate defense or otherwise jeopardize the Defendants' rights to a fair trial. *See United States v. White*, 95 F.Supp. at 551.

The Court is granting Defendant Lizbeth Beltran's ex parte motion to obtain government travel (Doc. 74) because it appears expedient to allow current counsel to travel to Florida for the purposes set forth in the ex parte motion. After Defendant Lizbeth Beltran's counsel has returned from Florida, the Court suggests that at an appropriate time counsel file written motions with the Southern District of Florida requesting to be relieved from their representation, since Florida attorneys could presumably be appointed to represent defendants under the Criminal Justice Act.

Defendant Maria Nunez, a/k/a Maria Pino's moved to reconsider order of detention. Doc. 77. After considering the length of Maria Nunez, a/k/a Maria Pino's pre-trial detention, her projected advisory guideline range and her lack of criminal record, the Court has determined that Defendant Maria Nunez, a/k/a Maria Pino, should be released as soon as the Court receives verification that Defendant Maria Nunez, a/k/a Maria Pino has a purchased airline ticket to Miami, Florida. Accordingly,

**IT IS ORDERED**:

    (1) that the Report and Recommendations of Magistrate Judge Simko are adopted in part and rejected in part as set forth in this memorandum opinion;

    (2) that Defendant Maria Nunez, a/k/a Maria Pino's motion (Doc. 42) to dismiss the indictment for lack of venue or in the alternative, to transfer the proceeding to the Southern District of Florida is granted to the extent that the proceeding will be transferred to the Southern District of Florida, but the motion to dismiss is denied;

    (3) that Defendant Lizbeth Beltran's motion to transfer proceeding to the Southern District of Florida (Doc. 41) is granted;

    (4) that Defendant Lizbeth Beltran's motion to sever (Doc. 38) is denied as moot without prejudice to raise the issue in the Southern District of Florida;

    (5) that Defendant Lizbeth Beltran's motion to obtain government travel (Doc. 74) is granted;

5

(6) that Defendant Maria Nunez, a/k/a Maria Pino's motion to reconsider order of detention (Doc. 77) is granted and Defendant Maria Nunez, a/k/a Maria Pino shall be released from custody upon verification that Defendant Maria Nunez, a/k/a Maria Pino has a purchased airline ticket to Miami, Florida; and

(7) that the Clerk of Court shall transfer this case to the United States District Court for the Southern District of Florida.

Dated this ___ day of July, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)   DEPUTY

6